First District—October Term, 1887. 471

Equitable Life Assurance Society of the United States v. Smith.

## Equitable Life Assurance Society of the United States

v.

## W. Treese Smith.

*Parties—Agency—Contract under Seal—Modification of—Consideration.*

1. The rule that a principal may sue on contracts made by his agent in his own name, does not apply where the contract is under seal.

2. An executory contract under seal can not be modified by a parol agreement so as to authorize either party to sue upon it as thus modified.

3. A new and additional agreement, whether it be a substitute for the old, or in addition to or beyond it, must be upon a new consideration.

[Opinion filed March 28, 1888.]

Appeal from the County Court of Cook County; the Hon. E. H. Gary, Judge, presiding.

Messrs. Adams & Hamilton, for appellant.

Where a party attaches any description to his name in the execution of a promissory note, tending to show on whose behalf it was made, it is competent to show by evidence *aliunde* that he was acting for another. Scanlan v. Keith, 102 Ill. 634; Hypes v. Griffin, 89 Ill. 134; Mechanics Bank of Alexandria v. Bank, 5 Wheat. 327.

. An undisclosed principal may show that the apparent party was his agent, and may put himself in the place of his agent. 1 Parsons on Con. 62; Bishop on Con., Secs. 1075, 1080; Barker v. Garvey, 83 Ill. 184; Saladin v. Mitchell, 45 Ill. 79; Ford v. Williams, 21 How. 287; Lamson & Goodnow Manufacturing Co. v. Russell, 112 Mass. 387.

Whether Smith was informed of the agency makes no difference. There is no dispute that Curran was the appellant's agent, and now that the appellant avows its interest and assumes the contract, Smith is concluded.

472    APPELLATE COURTS OF ILLINOIS.

Equitable Life Assurance Society of the United States v. Smith.

Messrs. HAMLINE & SCOTT, for appellee.

The appellant was not a party to the contract upon which the suit was brought, nor interested in those provisions of it which are the subject-matter of this suit. The question is not whether an undisclosed principal may take the place of his agent, but whether the terms of a written contract under seal may be varied to show that one who is expressly declared by it not to be the principal, was in fact the principal.

BAILEY, J. This was an action of *assumpsit*, brought by the Equitable Life Assurance Society of the United States against W. Treese Smith, to recover certain moneys in the hands of the defendant, which, as is claimed, belonged to the plaintiff. The declaration consisted merely of the common counts, to which the defendant pleaded *non assumpsit*, and the trial before the court and jury resulted in a verdict and judgment for the defendant.

The evidence shows that on and prior to April 27, 1886, one O. P. Curran was the general manager, in the City of Chicago, of said Equitable Life Assurance Society, a corporation of the State of New York, and that on that day said Curran employed and appointed the defendant as an agent " to procure applications for assurance on the lives of individuals and forward the same to said Curran or to said society for their action, and for the purpose of collecting and forthwith paying over such premiums on assurance as shall be directed by said Curran or said society, and for no other purpose whatever," it being provided that the defendant should receive, as compensation for his services, a certain per cent. of the first year's premium on policies issued through his instrumentality, and a certain other small per cent. of the subsequent premiums thereon for a term of years. The terms of said agency were evidenced by a contract in writing between said Curran and the defendant, executed by them under their respective hands and seals. Said contract, so far as it described the parties thereto, was in the following words: "This agreement, made the 27th day of April, 1886, between O. P. Curran, of Chi-

cago, County of Cook, State of Illinois, party of the first part, manager of the Equitable Life Assurance Society of the United States, a corporation of New York, and W. Treese Smith, of Chicago, County of Cook, State of Illinois, party of the second part," and the concluding clause was as follows: "In witness whereof the said parties have hereunto set their hands and seals on the day and year first above written," Curran's signature being as follows: "O. P. Curran, Manager," followed by his seal. Said contract, after providing for the manner in which the defendant should perform the duties of his agency, the measure of his compensation and the mode in which he should receive it, and also providing for a termination of the agreement by either party on thirty days' notice, contained, among other things, the following stipulations:

"Said party of the second part shall have no claims against said society for commissions, or any other claims whatsoever, under this contract;" and

"It is further agreed that the said party of the second part shall have the right to an advance (in lieu of any other compensation named in this contract) of $200 per month, during the first eight months of the continuance of this contract, to be repaid if not earned."

At the foot of said contract was the following memorandum: "Approved as to commissions. New York, May 4, 1886. E. W. Scott, 3d V. P." On the 17th day of May, 1886, said Curran wrote to the defendant the following letter:

Chicago, Illinois, May 17, 1886.

"W. Treese Smith, Esq.,

"*Dear Sir:*—You can have the right to draw two hundred and fifty dollars per month, from this date, for eight months, in place of two hundred dollars per month, as provided in your agreement dated April 27, 1886; it being understood that you do not violate the terms of said agreement and act exclusively under the same for that period of time; but should you avail yourself of the privilege of termination, that you will repay any portion of said advance that has not been earned in accordance with the terms of said agreement.

"Yours truly,

"O. P. Curran, Manager."

The evidence tends to show that under the foregoing agreement, the defendant entered upon the duties of his agency, and received an advance of $250 per month for five months, making in all $1,250. Some time after the expiration of said five months he was discharged and his agency canceled. Said advances, with one exception, were made to the defendant by the plaintiff on vouchers furnished by Curran. The evidence also tends to show that the entire amount earned by the defendant during the period of his agency was only $296.72, leaving $953.28 of the moneys advanced to him unearned.

As we view the case, the question is not so much whether the defendant should respond for said sum of $953.28, as whether it can be recovered in the name of the present plaintiff. The contract under which the defendant received said money and by which he agreed to repay so much of it as should not be earned, was under seal, and was between him and Curran. Curran is the party of the first part named in the instrument, and whatever covenants there may be in it run to him. The rule that a principal may sue on contracts made by his agent in his own name, does not apply to cases where the contract is executed under seal. There the rule is that the suit must be brought in the name of the party who is named as covenantee. Says Mr. Chitty: "It is an inflexible rule that if a deed be *inter partes*, that is, on the face of it expressly describe and denote who are the parties to it (as, between A of the first part and B of the second part), C, if not expressly named as a party, can not sue thereon, although the contract purport to have been made for his sole advantage and contain an express covenant with him to perform an act for his benefit." 1 Chitty's Plead., 3. To same effect see Sanders v. Filley, 12 Pick. 554; Johnson v. Foster, 12 Met. 167; Millard v. Baldwin, 3 Gray, 484; Inhabitants of Northampton v. Elwell, 4 Gray, 81; Hinkley v. Fowler, 15 Me. 285; Flynn v. North American Life Ins. Co., 115 Mass. 449.

Perhaps a different rule might apply if we could regard the letter of May 17, 1886, as being in legal effect a modification of the contract under seal. The rule seems to be that when the contract under seal is subsequently altered by the par-

ties by writing not under seal, or by a parol agreement, the whole becomes a simple written or verbal contract, and the rights, liabilities and remedies of the parties are thenceforward to be determined by the same rules as are applicable to simple contracts. Briggs v. Vermont Cent. R. R. Co., 31 Vt. 211; Dana v. Hancock, 30 Vt. 616; Vicary v. Moore, 2 Watts, 451; Lawall v. Rader, 2 Grant's Cas. 426.

But said letter can not be treated as a modification of the sealed contract for two reasons: 1. The rule in this State is well settled that an executory contract under seal can not be modified by a parol agreement so as to authorize either party to sue upon it as thus modified. Barnett v. Barnes, 73 Ill. 216; Hume Brothers v. Taylor, 63 Ill. 43; Chapman v. McGrew, 20 Ill. 101; Bishop v. Busse, 69 Ill. 403; Loach v. Farnum, 90 Ill. 368; White v. Walker, 31 Ill. 422. 2. A new and additional agreement, whether it be a substitute for the old, or in addition to or beyond it, must be upon a new consideration. 1 Greenl. on Ev., Sec. 313. The letter, so far as appears, was a mere voluntary act of Curran's and had no consideration whatever to support it. It was a *nudum pactum*, and so had no effect one way or the other upon the legal rights of the parties.

The right to recover back from the defendant the moneys advanced to him, after deducting the sum earned as commissions, arises solely from the covenants of the instrument under seal, and the plaintiff being no party to that instrument can not recover. No other result was legally possible than a verdict and judgment for the defendant, and that result having been reached, it must be sustained. The judgment will be affirmed.

*Judgment affirmed.*