LAWSON A. GILBERT

v.

JOHN H. COONS.

*Agency—Sale of Real Estate—Commission—Recovery of—Practice.*

1. Merely referring to an instrument, as " to be found in the record,"
is not making an abstract of it.

2. An agreement under seal can not be modified by parol.

3. An owner of real estate may sell the same, although he has appointed
another sole agent for the sale thereof.

[Opinion filed December 11, 1890.]

APPEAL from the Superior Court of Cook County; the
Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. J. C. F. ROYER, for appellant.

Mr. L. M. PAINE, for appellee.

WATERMAN, J.  Appellee, on the 29th of July, 1889,
signed and sealed a written document, declaring that he had
appointed appellant his sole agent to sell his farm, and was to
give him two and a half per cent commission for such sale;
also that appellee would convey the farm to whomever appel-
lant might direct, and at the price he might name.  On the
5th day of August, 1889, the appellee returned to appellant's
office and told him that one John Nagle was now talking of
buying his land, and if he, the appellant, would release him,
appellee, from his contract of July 29, 1889, and permit him
to sell to said Nagle within three days from that date, he
would give him one per cent on the gross sale of said land if
he sold to said Nagle within said three days, and if he should
not sell to said Nagle within said three days, then the first
contract was to be in full force and binding.   Appellant
thereupon signed another paper, setting forth as follows:

" I hereby agree to release J. H. Coons from the above
agreement, by him paying me one per cent on gross sale, if he

sells to Nagle within three days from this date; otherwise this contract to be in full force.

"L. A. GILBERT, Agt.   By Smith."

On the 6th of August appellee sold his farm to John Nagle for $27,500. Prior to August 5th appellant had advertised the farm for sale, and sent two persons, who *bona fide* talked of buying, to look at the land.

The parties seem to have been impressed with the opinion that because appellant had been appointed sole *agent* to sell a farm, therefore the owner had no right at all to sell; filled with the idea that he could not sell his farm himself, and was obliged to wait and let his agent sell it for such price as the agent might name, appellee goes to Gilbert and receives from him permission to sell his own farm.

Extensive as, by the terms of the writing of July 29, 1889, the powers of the agent were, they did not reach to depriving the principal of the right to sell his own property; that yet remained perfect, full and complete, and was in no wise added to by the paper signed August 5th.

Appellant has brought suit for commissions upon a sale which he does not claim that he was even instrumental in making. This commission he insists he is entitled to recover by virtue of the paper he signed August 5th.

Waiving the question as to whether there was any consideration for this supplemental agreement, it is obvious that it was but an attempt to modify, by parol, an agreement under seal. It is well settled that this can not be done. Loach v. Farnum, 90 Ill. 368; Chapman v. McGrew, 20 Ill. 101; Humes Bros. v. Taylor, 63 Ill. 43; Breher v. Reese, 17 Ill. App. 545; Barnett v. Barnes, 73 Ill. 217; Ill. Cent. R. R. v. B. & O. R. R., 23 Ill. App. 531–547; Eq. Life Ins. Co. v. Smith, 25 Ill. App. 471.

We have considered this case as though there had been a compliance with the rule as to abstracts, which we might have declined to do. Merely referring to an instrument as to be found in the record is not making an abstract of it.

The court below found for the defendant, and we are well satisfied with such finding. Perceiving no error in this record, the judgment is affirmed.    *Judgment affirmed.*