[Civ. No. 6344. Second Appellate District, Division One.—March 28, 1930.]

R. J. LUKE, Appellant, v. SOUTHERN SURETY COMPANY (a Corporation), Respondent.

Charles S. Conner for Appellant.

W. I. Gilbert for Respondent.

CRAIG (ELLIOT), J., *pro tem.*—This is an action by a subcontractor against the surety of a building contractor on a *private* work for the value of certain materials and labor furnished and performed upon the building. The demurrer to the amended complaint was sustained without leave to amend and judgment of dismissal followed. The legal difficulties of the case arise out of the fact that the contractor's bond for the benefit of materialmen and laborers is on the form of bond ordinarily used by surety companies on *public* works and contains the following provision: " . . . provided that any and all claims hereunder shall be filed and proceedings had in connection herewith as required by the provisions of the Act of Legislature of the State of California designated as chapter 303 of the statutes of 1919, approved May 10th, 1919, and any amendments thereof." The act referred to is the Public Works Act of 1919, and requires the filing of a verified statement of the claim with the board of trustees, supervisors (etc.), or other board by which such contract was awarded, "at any time prior to the expiration of the period within which claims of lien must be filed for record, as prescribed by the provisions of section 1187 of the Code of Civil Procedure," and further provides that "at any time within 90 days following the expiration of the period last mentioned, the person, . . . (etc.) . . . filing the same may commence an action against the surety on the bond." (Section 2.)

The surety and the contractor had a legal right to make any bond, acceptable to the owner, they saw fit so to do, and the surety cannot be held beyond the express terms of that bond. If the bond as given did not meet the requirements of section 1183 of the Code of Civil Procedure, as that section read on April 7, 1925 (date of bond), the only penalty was that the materialmen, etc., could have liens

upon the property of the owner irrespective of contract price.

The demurrer in this case is founded only upon three specific objections, to wit: (1) that plaintiff did not file "his claim in the office of the county recorder as required by the provisions of the Act of Legislature as set forth in said bond"; (2) that plaintiff's claim was filed only with the contractor and "that no other or further proceedings were had by plaintiff in accordance with the Act of Legislature set forth in the bond," and (3) "that said complaint was not filed within the time prescribed by section 1190, Code of Civil Procedure."

■ As to point one (1) of the demurrer, we have read the Public Works Act and find no requirement therein for filing or recording any claim or mechanic's lien in the office of the county recorder. The mechanic's lien laws do not require the recording of a claim of lien as a prerequisite to suit on the bond. (*Fraters Glass & P. Co.* v. *Southwestern Const. Co.*, 200 Cal. 688 [254 Pac. 1097].)

■ As to point two (2), the requirement of the bond as to filing a verified statement with the board (etc.) of a public corporation by which the contract was awarded was impossible of performance for the reason that this is a private work. Respondent contends that such claim should have been filed with the owner, but we cannot agree with this contention. No act was required as a substitute for the impossible as regards such filing of a verified claim.

■ As to point three (3), section 1190 of the Code of Civil Procedure, requiring suit to be commenced within ninety days after filing of lien, has no application to this case. That section has reference to liens of mechanics, etc., on real property, and not to a suit on a contractor's bond.

■ Plaintiff has attempted to found his cause of action also upon the contractor's completion bond to owner. This contention cannot be sustained for the reason that by its own terms said bond is limited only to the owner, to wit: "No right of action shall accrue under this bond to or for the use of any person other than the said . . . (owner)." (*Terry* v. *Southwestern Bldg. Co.*, 43 Cal. App. 366 [185 Pac. 212].)

We conclude, therefore, that the demurrer as filed should have been overruled upon each and all of the three grounds presented therein.

The judgment is reversed and the case is remanded to the trial court, with direction that the demurrer be overruled.

Conrey, P. J., and Houser, J., concurred.