**HOPPER BROS. QUARRIES, Appellant,**

v.

**MERCHANTS MUTUAL BONDING COMPANY, a corporation, and Bill Curphy Company, a Corporation, Appellees.**

**No. 15853.**

United States Court of Appeals Eighth Circuit.

April 28, 1958.

Herman Ginsburg, Lincoln, Neb. (Hymen Rosenberg, Joseph Ginsburg, Lincoln, Neb., and Elmer F. Witte, Pawnee, Neb., on the brief), for appellant.

John H. Neiman of Neiman, Neiman & Stone, Des Moines, Iowa (Robert A. Barlow of Healey, Davis, Wilson & Barlow, Lincoln, Neb., on the brief), for appellees.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

The use plaintiff in the foregoing case, No. 15,852, brought this action, No. 15,-853, in the District Court of Lancaster County, Nebraska in its own name to recover the same debt owing to it on account of 6014.2 tons of crushed rock it supplied to the sub-contractor Leonard M. McDonald, d/b/a Omaha Rock and

Excavating Company, on the Omaha Levee System from Merchants Mutual Bonding Company and the prime contractor, Bill Curphy Company. Federal Jurisdiction existed by reason of diversity and the amount involved.

The complaint alleged that the sub-contractor furnished a payment bond to the prime contractor guaranteeing the payment by the sub-contractor to all persons supplying labor and materials to him used in the performance of his levee system sub-contract, of all sums due such persons for such labor and materials and that said payment bond was executed by the defendant Merchants Mutual Bonding Company as surety, a copy thereof being attached to the complaint; that the plaintiff became entitled to the benefit of said bond and became a third party beneficiary thereof; that the bond contained the provision that no person other than the prime contractor can bring any action thereon, but said prime contractor though requested wrongfully refused to bring any action upon said bond on plaintiff's behalf; that plaintiff was without adequate remedy at law and it prayed adjudication that it was the beneficiary and proper person to enforce the bond; that the prime contractor be compelled to sue on it for the use of the plaintiff; and that plaintiff be awarded judgment on the bond for the amount due it with interest, costs, and reasonable attorney's fee.

On the trial to the court upon the issues joined, the court found the facts in this case to be identical with the facts heretofore set out in case numbered 15,852, adding only the bond sued on peculiar to the case. The court set that bond out in full in its opinion and decided that the provision thereof that "No right of action shall accrue on this bond to or for the use of any person or corporation other than the contractor named herein" [the prime contractor] "makes it clear that the parties did not execute the bond in suit for the benefit of materialmen".

It was contended for plaintiff that decisions of the courts in Iowa and Nebraska justified a contrary conclusion although none was found in which such a bond provision as that quoted from the bond in suit was presented and disregarded. The court considered the state cases relied on and declared "the courts of both of those states enforce in accordance with their terms contracts in writing which are clear and explicit in their import. They do not disregard positive contractual provisions or by construction explain them away. It is therefore considered that neither the Supreme Court of Iowa nor that of Nebraska would hold in the teeth of the emphatic language of the McDonald bond that it was executed for the benefit of any person besides Bill Curphy Company."

We find no error in the judgment of the District Court dismissing the plaintiff's action herein. The court cited the following cases in support of its decision as to the effect of the quoted bond provision: David Lupton's Sons Const. Co. v. Hugger Bros. Const. Co., 227 Ala. 25, 148 So. 610; Herpolsheimer v. Hansell-Elcock Co., 141 Mich. 367, 104 N.W. 671, Morganton Mfg. & Trading Co. v. Anderson, 165 N.C. 285, 81 S.E. 418; Crum v. Jenkins, 145 S.C. 177, 143 S.E. 21; Equitable Surety Co. v. Stemmons, Tex. Civ.App., 239 S.W. 1037. We add these citations to the same effect: Massachusetts Bonding and Insurance Company v. United States Radiator Corp., 265 Ky. 661, 97 S.W.2d 586; Luke v. Southern Surety Co., 104 Cal.App. 727, 286 P. 490; Blyth-Farco Company v. Free, 46 Utah 233, 148 P. 427; 77 A.L.R. 21, 77; Restatement of the Law of Security, Section 165.

The judgment appealed from in this case is affirmed.

Affirmed.