SAMUEL H. YOUNG, d/b/a SKOKIE VALLEY PROFESSIONAL BUILDING, Plaintiff-Appellant, *v.* GENERAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

(No. 61528;

First District (1st Division)—October 20, 1975.

Samuel H. Young, P.C., of Skokie (Samuel H. Young and William G. Swindal, of counsel), for appellant.

Louis Linton Dent, of Dent, Hampton & McNeela, of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

This is a suit on a performance bond issued by the defendant, General Insurance Company of America, in connection with the construction of a building. The construction contract entered into on March 3, 1964, between plaintiff's predecessor, Skokie Valley Medical Center Building, Inc. (hereafter SVMCB) and Transco, Inc., a contractor, obligated Transco to construct a building on land owned by SVMCB. It provided that the construction work be performed in accordance with general conditions and specifications prepared by architects and engineers employed by SVMCB, and that Transco was to receive $527,500 for the completed building. Transco contracted with Engelhardt, Inc., on March 16, 1964, for the latter to perform all of Transco's obligations under the March 3, 1964, contract at a price of $460,500.

The contract between Transco and Engelhardt referred to Transco as Contractor and Engelhardt as Subcontractor, and required Engelhardt:

> "15. To furnish and pay for a surety bond executed by corporate surety in amount of this Agreement and in a form approved by Contractor, which bond shall be conditioned, among other things, for the full and faithful performance of this Agreement by Subcontractor and for the payment by Subcontractor for all labor, materials, supplies and equipment used by Subcontractor in the performance hereof, if required by Contractor."

The Transco-Engelhardt contract incorporated by reference all provisions of the SVMCB-Transco contract as well as the plans and specifications prepared by the architect and engineer. The general conditions required Transco to furnish SVMCB with a performance bond, but Transco never supplied such a bond. Transco was originally named as a defendant in this action; however, plaintiff was enjoined from proceeding against Transco because of bankruptcy proceedings involving Transco filed in December 1966 and concluded in July 1971.

Concurrently with the execution of the contract between Transco and Engelhardt, the latter furnished Transco with a performance bond issued by the defendant on its printed form. The contract between Transco and Engelhardt was incorporated in the bond by reference. The bond named Engelhardt as the principal and Transco as the obligee and referred to Engelhardt as the "Contractor" and Transco as the "Owner," and provided that:

> "No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner."

Plaintiff, alleging that the building was not satisfactorily completed, sued on the bond on the theory that he is a third-party beneficiary under the bond. The defendant's position is that the express provision of the bond limiting rights of action under it to Transco or its successors establishes that it was not the intention of the parties to the bond that any third-party beneficiary be recognized under it. The circuit court granted the defendant's motion for summary judgment on the grounds that as a matter of law, plaintiff was not a third-party beneficiary, and that plaintiff's action was not timely in view of a condition of the bond that any suit under it was to be brought within 2 years after the final payment under the contract between Transco and Engelhardt fell due. Plaintiff raises these issues on appeal; however, our decision on the third-party beneficiary claim makes it unnecessary to consider whether the filing of the action was timely.

■■ In order for a third person to recover on a performance bond which on its face is for the use of other parties, the primary object and purpose of the bond must be for the benefit of the third party and it must have been made for the direct benefit of the third party. (*Searles v. City of Flora* (1906), 225 Ill. 167, 170, 172, 80 N.E. 98; *Fodge v. Board of Education* (1941), 309 Ill.App. 109, 122, 32 N.E.2d 650; *People ex rel. National Cast Iron Pipe Co. v. Merkle* (1933), 269 Ill.App. 449, 456.) The bond has no provisions justifying the interpretation that it was entered into directly and primarily for the benefit of the plaintiff or its

predecessor. On the contrary, the provision that no one other than Transco or its successors should be permitted to sue on .it, leads to the opposite conclusion.

Incorporation into the bond of the contract between Transco and Engelhardt does not cast plaintiff in the role of a third-party beneficiary. Neither does the fact that the contract between Transco and Engelhardt incorporates by reference the construction contract between SVMCB and Transco. These two documents are referred to and incorporated in the bond to set forth a description of the work to be performed by Engelhardt as well as the obligations of SVMCB, Transco and Engelhardt. It is neither necessary nor appropriate to look to them for assistance in interpreting the bond unless it is ambiguous. (*Harris ex rel. Otis Elevator Co. v. American Surety Co.* (1938), 297 Ill.App. 1, 13-14, 17 N.E.2d 250; *People ex rel. National Cast Iron Pipe Co. v. Merkle* (1933), 269 Ill.App. 449.) The bond presented in this case unequivocally sets forth the intention of the parties when it states that the defendant is bound to Transco for payment and that no action could accrue thereon to or for the use of another. Such a provision is inconsistent with any intention of the defendant or Engelhardt to guarantee performance for the benefit of the plaintiff.

Neither does the contract between Transco and Engelhardt provide any foundation for plaintiff's claim that he is a third-party beneficiary. Paragraph 15 of that contract, quoted above, only required Engelhardt to furnish a performance bond running in favor of Transco, not in favor of SVMCB, and that is all the defendant contracted to do. The defendant cannot be expected to perform beyond its express undertaking, and that was limited to actions against it by Transco. If, as the plaintiff argues, the contracts between Transco, Engelhardt and SVMCB required Engelhardt to furnish a bond in favor of SVMCB or plaintiff which Engelhardt neglected to do, this is not an omission which the defendant agreed to fill or for which the defendant is liable.

The plaintiff relies on *Neenah Foundry Co. v. National Surety Corp.* (1964), 47 Ill.App.2d 427, 197 N.E.2d 744, which upholds the right of a materialman to sue on a bond as a third-party beneficiary. The bond in that case carried no provision of the type contained in the bond here limiting enforcement to named parties. The court distinguishes *Searles v. City of Flora* (1906), 225 Ill. 167, 80 N.E. 98; *Fodge v. Board of Education* (1941), 309 Ill.App. 109, 32 N.E.2d 650; and *City of Herrin ex rel. Bradbury v. Stein* (1917), 206 Ill.App. 339, explaining that the language of the bonds in those cases pointed to the promise of direct benefits only to the named promisees. The bond in this case, by its express exclusion of any person other than the obligee from bringing an action, points even

more clearly than in the three cases distinguished by the court in *Neenah* to the promise of benefits only to a named promisee. In *Neenah* the court observed, 47 Ill.App.2d 427, 434:

"Under our view of the case, after considering the terms of the contract and of the bond, the Surety if it desired to limit its liability to third persons could have done so in no uncertain terms."

Similarly, in *C. O. Sparks, Inc. v. Pacific Coast Paving Co.* (1958); 159 Cal.App.2d 513, 324 P.2d 293, cited by plaintiff, the court in permitting an action by a materialman as a third-party beneficiary pointed out that had the surety desired to restrict liability to certain specific persons and no others, it would have been simple to have so stated in unequivocal language in the bond, but in that event the owner would probably not have accepted it. The language used in the bond in this case in no uncertain terms limits the liability of the defendant to Transco by expressly excluding others from any right of action under the bond. *Bourrett v. W. M. Bride Construction Co.* (1957), 248 Iowa 1080, 84 N.W.2d 4, is relied on as an authority by both parties. The bond there contained an express provision similar to the one here limiting rights of action to the obligee, and the court concluded that a third party was precluded from bringing an action on the bond. The same result was reached in *Luke v. Southern Surety Co.* (1930), 104 Cal.App. 727, 286 P. 490, which contained a similar limiting provision. In *Acoustics, Inc. v. American Surety Co.* (1958), 74 Nev. 6, 320 P.2d 626, relied upon by the plaintiff, a suit by a third party was allowed, but, as in *Neenah,* the bond did not contain a provision limiting actions to the obligee.

■■ Plaintiff also relies on the assignment of the bond by Transco to plaintiff in June 1974. The assignment was executed more than 10 years after the bond was issued and also after the defendant moved to dismiss this action on the ground that plaintiff was not an obligee under the bond. The effect of the assignment was to give the plaintiff the status of an assignee, not that of a successor to Transco. Since the bond gave only Transco or its successor the right to bring an action on it, no valid assignment could have been made by Transco of defendant's obligation under the bond without the defendant's consent.

No genuine issue of fact was raised with respect to plaintiff's right to sue as a third-party beneficiary or as an assignee, and summary judgment was, therefore, properly entered in favor of the defendant.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.