Frances Louise ROSS,
Plaintiff-Appellant,

v.

INTER–OCEAN INSURANCE
COMPANY,
Defendant-Appellee.

No. 82–1249.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 24, 1982.

Decided Nov. 18, 1982.

Rehearing and Rehearing En Banc
Denied Dec. 17, 1982.

David R. Hultgren, Stansell, Critser & Whitman, Monmouth, Ill., for plaintiff-appellant.

Robert T. Park, Katz, McAndrews, Durkee, Balch & Lefstein, Rock Island, Ill., for defendant-appellee.

Before CUDAHY, Circuit Judge, SWYGERT, Senior Circuit Judge, and POSNER, Circuit Judge.

POSNER, Circuit Judge.

The plaintiff, a citizen of Illinois, brought suit in an Illinois state court against the defendant, an out-of-state insurance company, complaining that it had refused to honor its commitments to her under a cancer insurance policy. The defendant removed the case to federal district court under 28 U.S.C. § 1441, and later moved for summary judgment. The motion was granted and the complaint dismissed, and the plaintiff has appealed to this court.

At no time has either party, or the district court, questioned the existence of federal jurisdiction over the subject matter of this action. But we have a responsibility to determine independently, in every case, whether we have subject-matter jurisdiction, and to dismiss the case if we find we do not.

For a case to be within the diversity jurisdiction of the federal courts the amount in controversy between the parties

must exceed $10,000, exclusive of interest and costs. 28 U.S.C. § 1332. The complaint in this case asked for damages of $16,454, exclusive of interest and costs; and if that was a reasonable estimate of the value of the plaintiff's claim if she prevailed, the amount in controversy requirement was satisfied and the case was removable. It is tempting to argue that so long as the complaint asks for more than $10,000, then however outlandish the request in the circumstances known to the parties the defendant ought to be allowed to take the request at face value and remove the case. But the argument has no basis in the removal statute, which allows a case to be removed only if it could have been brought originally in federal court, 28 U.S.C. § 1441(a); and it would invite collusive invocations of federal jurisdiction. A plaintiff who wanted to be in federal court but knew that he could not in good faith ask for more than $10,000 in damages might ask for more anyway, hoping that the defendant also wanted to be in federal court and would therefore remove the case without unmasking the fictitious request. There is a long history of using fictitious allegations to confer jurisdiction. See, e.g., 3 Blackstone, Commentaries on the Laws of England 42–43, 45–46, 59–60 (1768). Especially in a period when the federal courts are staggering under an unprecedented caseload, they must be careful to prevent litigants from evading Congress's policy of keeping petty cases involving issues purely of state law out of these courts. The danger of evasion has been thought sufficiently great to call forth an express statutory prohibition against collusive invocations of federal jurisdiction. See 28 U.S.C. § 1359; 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3637 at p. 83 (1976).

The complaint states that the plaintiff submitted proof of loss to the defendant before bringing suit. Although the proof of loss is not in the record, the plaintiff's pretrial statement, filed five months after the complaint, is, and it contains an itemized statement of medical expenses for which the plaintiff contended the defendant was obligated to reimburse her. Those expenses add up to only $9,003; and we think it a fair inference that the proof of loss, which the defendant had received sometime before the complaint was filed and therefore before the case was removed, must have been no greater. The defendant should therefore have known that the case might not be removable despite the *ad damnum* in the complaint. Furthermore, in the pretrial order, filed just six weeks after the plaintiff's pretrial statement, the parties stipulated that the plaintiff's total medical expenses for cancer treatment were $7,644. The fact that this was less than the plaintiff had requested in her pretrial statement suggests the defendant must have had irrefragable evidence to support the lower figure; and it must have had it when the proof of loss was filed or shortly after—at any rate before the complaint was filed or the case removed.

■ However, the complaint also requested attorney's fees (at oral argument the plaintiff's counsel stated that the $16,454 figure in the complaint had been calculated by adding an estimate of his fees to the medical expenses); and where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied. *Batts Restaurant, Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir.1969).

■ Nowhere in the filings in this matter is there any suggestion of a contractual, statutory, or other source for the plaintiff's request for attorney's fees. We can rule out contract as a source, because the insurance policy contains no reference to attorney's fees; we can rule out federal common law, because the right to attorney's fees in a diversity suit is governed by state law, *Tryforos v. Icarian Development Co., S.A.*, 518 F.2d 1258, 1265 and n. 27 (7th Cir.1975); and we can rule out the common law of Illinois, because there is no right to attorney's fees under the common law of Illinois, *Whirlpool Corp. v. Bank of Naperville*, 97

Ill.App.3d 139, 52 Ill.Dec. 215, 421 N.E.2d 1078 (1981); *Tryforos, supra,* 518 F.2d at 1266. As for possible statutory bases for an award of attorney's fees in this case, one, Ill.Rev.Stat.1981, ch. 110, § 2–611, is limited to cases of "allegations and denials, made without reasonable cause and found to be untrue"; is narrowly construed, *Whirlpool Corp., supra; Tryforos, supra,* 518 F.2d at 1266; and is clearly inapplicable to the facts of this case. The other, Ill.Rev.Stat.1981, ch. 73, § 767, provides that if an insurance company's refusal to pay a claim is "vexatious and unreasonable," the insured may recover a reasonable attorney's fee from the insurance company. It is the only possible ground for attorney's fees in this case.

The plaintiff, aged sixty, had been bleeding from her uterus off and on for at least one month and possibly two before the insurance policy was issued on June 21, 1980. The bleeding continued until a massive hemorrhage on July 26 drove her to consult a doctor, and two days later she was diagnosed as suffering from cervical cancer. The defendant based its refusal to honor her claim on two provisions of the policy. One denies coverage for a pre-existing condition. This is defined as a condition that produces symptoms which would indicate to a qualified physician (1) that it had probably begun and manifested itself before the policy was issued and (2) that an ordinarily prudent person would seek diagnosis or treatment. The other provision denies coverage if the cancer first manifests itself within 30 days after the policy is issued. Both the physician who diagnosed the plaintiff's cancer and the defendant's medical director gave affidavits (which were not rebutted) that the plaintiff's bleeding was symptomatic of cancer and that an ordinarily prudent individual in her circumstances would have consulted a doctor before June 21.

■ Whether or not these facts show conclusively that the insurance company did not break its contract, they show conclusively that the company knew or should have known that its refusal to pay on the claim could not possibly be found to be vexatious and unreasonable. This standard bars recovery of attorney's fees if the insurance company has some colorable basis for its refusal to pay the claim, see, e.g., *Goble v. Central Security Mutual Ins. Co.,* 125 Ill.App.2d 298, 304, 260 N.E.2d 860, 864 (1970); *Jenkins v. State Security Ins. Co.,* 56 Ill.App.3d 737, 746, 14 Ill.Dec. 150, 157, 371 N.E.2d 1203, 1210 (1978), as it plainly did here. The defendant must have known—not only before it removed the case to federal court, but before it refused to honor the plaintiff's claim, since its refusal was based on the investigation that uncovered the facts in the preceding paragraph— that the plaintiff would not be able to meet this exacting standard for obtaining an award of attorney's fees.

■ We conclude that when it removed this case the defendant knew with about as close an approach to certainty as one finds in these matters that the plaintiff could not prove damages, including attorney's fees, in excess of $10,000, as required by the diversity statute. It is immaterial whether the defendant took advantage of the inexperience in federal practice of the plaintiff's counsel or whether that counsel was content—or even preferred—to litigate the case in federal court. Just as a plaintiff may not invoke the diversity jurisdiction unless he believes in good faith that the amount in controversy exceeds $10,000, so a defendant in a state court action may not remove the action to federal court unless he believes in good faith that the amount in controversy exceeds $10,000. Ordinarily a defendant can rely on the *ad damnum* in the complaint. But this is not an ordinary case. The defendant is an insurance company that, having rejected the plaintiff's claim before the complaint was brought, was intimately familiar not only with the basis for the amount claimed but with the basis for its own refusal to honor the claim. The inference that the defendant knew or should have known that the amount in controversy did not exceed $10,000 is inescapable and prevents removal. *Crenshaw v. Great Central Ins. Co.,* 482 F.2d 1255, 1258–59 (8th Cir.1973), so held in a similar case

involving a Missouri statute penalizing insurance companies for vexatious refusals to pay claims.

We emphasize that mere suspicion on the part of the defendant that the plaintiff could not prove a vexatious and unreasonable refusal to pay would not be enough to defeat removal. If there is a reasonable possibility that the plaintiff can recover more than $10,000 on his claim, the jurisdictional minimum is satisfied; otherwise every case that a defendant won on the merits would be dismissed on jurisdictional grounds, allowing the plaintiff to start over in state court. *Hixon v. Sherwin-Williams Co.,* 671 F.2d 1005, 1007 (7th Cir.1982). But where it is obvious to the defendant that even if the plaintiff can establish liability he cannot obtain a judgment for more than $10,000, exclusive of interest and costs, then the defendant cannot remove the case; and if it is obvious to the district court or the court of appeals that the defendant knew from the outset that the jurisdictional minimum was not present, the case must be remanded.

Since the defendant won on the merits below, and a remand to the state court will allow the plaintiff to begin again in state court, the result may seem unjust to the defendant. But the defendant brought it on itself. It wanted to litigate this case in federal court though almost certainly it knew, and certainly it should have known, that the amount in controversy did not exceed $10,000.

The judgment is reversed with directions to the district court to vacate its judgment and opinion and remand the case to the state court where it began.

So Ordered.