**Averie Stromberg LEVAL, Plaintiff,**

v.

**PRUDENTIAL HEALTH CARE PLAN, INC., et al., Defendants.**

**No. 85 C 3378.**

United States District Court, N.D. Illinois, E.D.

June 12, 1985.

Richard C. Smilgoff, Chicago, Ill., for plaintiff.

James B. Davidson, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Averie Stromberg Leval ("Leval") sued Prudential Health Care Plan, Inc. ("Pru-Care") and The Prudential Insurance Company of America ("Prudential") in the Circuit Court of Cook County, charging violation of Leval's privacy rights and breach of contract.[1] Defendants removed the action to this District Court on diversity-of-citizenship grounds and have now filed two motions:

    1.  Prudential moves for dismissal.

    2.  PruCare seeks summary judgment under Fed.R.Civ.P. 56.

For the reasons stated in this memorandum opinion and order, this Court sua sponte remands the action to the state court for want of subject matter jurisdiction.

### Facts [2]

PruCare, a wholly-owned subsidiary of Prudential, is engaged in the health care services business in this area (Complaint ¶¶ 1–2). Leval is a former employee of PruCare (Complaint ¶ 3) whose photograph was used without her knowledge or consent on an advertising promotional poster displayed in PruCare's Lincoln Park Health Center (Complaint ¶ 9). Leval complained, and PruCare agreed to Leval's demand not to use her photo or likeness again without her prior permission and consent (Complaint ¶¶ 10–11).

Despite that promise PruCare published a promotional booklet (Complaint Ex. 1), on the back cover of which a postage-stamp-size photograph (1$\frac{7}{16}$ inches × 1 inch) including Leval was reproduced. In the photo Leval (in a white uniform) and a child (obviously an outpatient) are shown in an

---

1. Leval's Complaint (the "Complaint") does not label her claims in that or any other fashion, instead simply (and properly) limiting its allegations to facts. This opinion's categorization of the claims is based on the Complaint's factual allegations.

2. This recital is drawn from the Complaint. Naturally it implies no findings of fact.

office, in the course of what appears to be taking an x-ray of the child's arm.

Though the child's face is visible in the photograph (despite its tiny size), because Leval is leaning forward toward the camera with her head bent down, all that is really visible as a means of "identification" —even in miniature—is her hairstyle. Even under a magnifying glass, so little of her face is discernible as to defy any real identification of the person as Leval (except perhaps by someone who already knows she is in the photograph).[3]

### Lack of Subject Matter Jurisdiction

█ Leval's state court complaint asks for compensatory and punitive damages "in a sum in excess of this Court's minimum jurisdictional amount"—apparently a reference to the $15,000 required to avoid hearing in the Circuit Court's Municipal Department (Circuit Court of Cook County General Order 2.2(b)). Ordinarily such a statement of the amount in controversy, if asserted in good faith by a plaintiff, is not open to challenge. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) still states that controlling rule as to jurisdictional amount:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.
>
> It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

In *Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310, 312 (7th Cir.1970) our Court of Appeals stated a slight variant:

**3.** Of course magnification, as with every halftone, enlarges the dots and spaces that make up the photograph so much as to cut down on definition, thus rendering identification even more difficult.

**4.** When PruCare's motion was presented on the motion call and this Court indicated the likelihood of remand, PruCare's counsel questioned the consideration for the promise sued upon.

█t is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount.

█ But what the Prudential and PruCare motions demonstrate is Leval's total inability to surmount even that low threshold. Only brief discussion is needed to show that conclusion is compelled by Leval's own allegations.

Prudential's motion states with total accuracy the Complaint says nothing about that corporation except that it is PruCare's parent. No allegations required for piercing the corporate veil (*Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 569–70 (7th Cir.1985)) or any other predicates for Prudential's claimed liability are even hinted at. Though that could well lead to Prudential's dismissal under Rule 12(b)(6), for present purposes it clearly shows the absence of the required amount in controversy as to Prudential.

As for PruCare, its summary judgment motion points to uniform (and understandable) case law in the right-of-privacy field, teaching a plaintiff cannot recover for a defendant's commercial use of a photograph that lacks a clear and identifiable likeness of the plaintiff recognizable from the photograph itself. *Branson v. Fawcett Publications, Inc.*, 124 F.Supp. 429 (E.D. Ill.1954) (applying Illinois law); *Rawls v. Conde Nast Publications, Inc.*, 446 F.2d 313, 318 (5th Cir.1971) (citing *Branson* among other cases); *Negri v. Schering Corp.*, 333 F.Supp. 101, 103 (S.D.N.Y.1971). It is true PruCare's motion ignores—in a way that would be fatal to summary judgment in its favor—the alternative breach-of-contract basis advanced by Leval.[4] But on that score the nonrecoverability of punitive damages for a contract claim, plus the clear insupportability of any conceivable

Under *Hishon v. King & Spalding*, —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984) this Court is constrained to uphold a complaint if any set of facts consistent with its allegations would state a cause of action. Certainly Leval's refraining from suit on the first unauthorized publication could reasonably be inferred from the Complaint and would be consideration for PruCare's promise not to do it again.

compensatory damages (other than perhaps a nominal amount) for the contract breach, cement the conclusion $10,000 cannot be at stake.

Our Court of Appeals has dealt with a comparable jurisdictional question in *Ross v. Inter-Ocean Insurance Co.*, 693 F.2d 659 (7th Cir.1982). It held that even after a judgment on the merits the removed case had to be remanded. Much of what the Court said in *Ross* could have been written for this case (*id.* at 662–63):

> We conclude that when it removed this case the defendant knew with about as close an approach to certainty as one finds in these matters that the plaintiff could not prove damages, including attorney's fees, in excess of $10,000, as required by the diversity statute.... Just as a plaintiff may not invoke the diversity jurisdiction unless he believes in good faith that the amount in controversy exceeds $10,000, so a defendant in a state court action may not remove the action to federal court unless he believes in good faith that the amount in controversy exceeds $10,000. Ordinarily a defendant can rely on the *ad damnum* in the complaint. But this is not an ordinary case.

> \*  \*  \*  \*  \*  \*

> We emphasize that mere suspicion on the part of the defendant that the plaintiff could not prove a vexatious and unreasonable refusal to pay would not be enough to defeat removal. If there is a reasonable possibility that the plaintiff can recover more than $10,000 on his claim, the jurisdictional minimum is satisfied; otherwise every case that a defendant won on the merits would be dismissed on jurisdictional grounds, allowing the plaintiff to start over in state court. *Hixon v. Sherwin-Williams Co.*, 671 F.2d 1005, 1007 (7th Cir.1982). But where it is obvious to the defendant that even if the plaintiff can establish liability he cannot obtain a judgment for more than $10,000, exclusive of interests and costs, then the defendant cannot remove the case; and if it is obvious to the

district court or the court of appeals that the defendant knew from the outset that the jurisdictional minimum was not present, the case must be remanded.

No subject matter jurisdiction exists in this District Court. In statutory terms "it appears that the case was removed improvidently and without jurisdiction" (28 U.S.C. § 1447(c) ), and this action is remanded to the Circuit Court of Cook County.