**Nell A. WOFFORD, Plaintiff,**

v.

**HERBALIFE INTERNATIONAL, INC., a California corporation, Defendant.**

**No. 86–6418–CIV.**

United States District Court,
S.D. Florida.

July 18, 1986.

Harry M. Fuqua, Ellis Rubin Law Offices, Miami, Fla., for plaintiff.

Joseph S. Kashi, Conrad, Scherer & James, Fort Lauderdale, Fla., for defendant.

ORDER ALLOWING PLAINTIFF TO AMEND THE COMPLAINT and REQUIRING DEFENDANT TO AMEND THE PETITION FOR REMOVAL

PAINE, District Judge.

This cause is before the Court on review of the Reply to Defendant's Motion To

Dismiss (DE 4). The Defendant's Motion To Strike and Dismiss was filed in the State Court and removed along with the Complaint to this Court.

In the Reply (DE 4), the Plaintiff agrees with the merits of the Defendant's Motion To Dismiss and requests twenty (20) days to amend the Complaint. However, the Plaintiff wants to amend the Complaint to allege a cause of action based on strict liability rather than breach of implied warranty. This motion would be granted except that we notice that in the Petition For Removal, (DE 1), Defendant points out that the Plaintiff's Complaint also names the wrong party as defendant. The Complaint names HERBALIFE INTERNATIONAL, INC., a California corporation, as the defendant. The Defendant states in the Petition that HERBALIFE INTERNATIONAL, a limited partnership, is the proper Defendant.

That error, if it truly is one, could be corrected. However, if the proper party is a limited partnership, then the Defendant's burden in alleging the requisite diversity jurisdiction is made more complex.

 Where a petition for removal is based on diversity, it is incumbent upon us to examine the petition and the state court complaint carefully since federal courts are required to construe the removal statute narrowly and resolve any doubts regarding jurisdiction in favor of remand. *McCurtain County Production Corp. v. Cowett,* 482 F.Supp. 809 (D.C.Okla.1978). The Plaintiff's choice of a state forum is to be given deference and jurisdictional questions on removal are strictly construed against federal jurisdiction. *Hess v. Great Atlantic & Pac. Tea Co. Inc.,* 520 F.Supp. 373 (D.C.Ill.1981). The defendant seeking removal has the burden of alleging and proving diverse citizenship of all parties. *Jong v. General Motors Corp.,* 359 F.Supp. 223 (D.C.Cal.1973). Whenever a partnership brings suit in federal court, or is sued, the actual citizenship of each of its members must be considered in determining whether diversity jurisdiction exists. *Navarro Savings Association v. Lee,* 446 U.S.

458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); *Village Fair Shopping Center Company v. Sam Broadhead Trust,* 588 F.2d 431 (5th Cir.1979). The plot thickens with regard to limited partnerships because the question whether the citizenship of the general partners *and the limited partners both* are to be considered in determining diversity has never been addressed by the Supreme Court, and the circuits are split on the issue. See, 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3630 (1984). The possibility exists that one of the limited partners involved in HERBALIFE INTERNATIONAL might destroy complete diversity. *See, Consumers Savings Bank v. Touche Ross & Co.* 613 F.Supp. 249 (D.C.Mass.1985). We are unable to tell since the Defendant did not allege the citizenship of all the general partners, if there is more than one, nor of the limited partners.

The analytical fork in the road was created by the Second Circuit in *Colonial Realty Corporation v. Bache & Company,* 358 F.2d 178 (2d Cir.) *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966), which held that the citizenship of limited partners was immaterial on the question of whether complete diversity existed and the Third Circuit in *Carlsberg Resources Corp. v. Cambria Savings & Loan Ass'n,* 554 F.2d 1254 (3d Cir.1977) which held that a non-diverse limited partner destroyed diversity jurisdiction. The Seventh Circuit followed the Third Circuit and rejected the argument that limited partners are not "real parties" to controversies involving the partnership on the ground that they have no capacity to sue on behalf of the partnership. *Elston Investment, Ltd. v. David Altman Leasing Corp.,* 731 F.2d 436 (7th Cir.1984). Our own circuit has not spoken to this issue, and the Fifth Circuit has not squarely faced the question. See, *Lee v. Navarro Savings Ass'n,* 597 F.2d 421 (5th Cir.1979), *aff'd* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) (Supreme Court holding based on peculiarities of trust law).

We tend to agree with Professors Wright, Miller, and Cooper that the Third Circuit approach is the best one. 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3630 (1984). However, we need not jump into this esoteric quagmire if none of the Defendant's general partners or limited partners destroys complete diversity.

Accordingly, it is

ORDERED and ADJUDGED that the Plaintiff shall have 15 days to respond to the objection of the Defendant that the Complaint does not name the proper party defendant. If the Plaintiff agrees, then the Plaintiff shall have leave to amend the Complaint to allege the proper defendant and to amend his causes of action.

Further, it is

ORDERED and ADJUDGED that the Defendant shall amend the Petition For Removal (DE 1) to allege the citizenship of all the general partners and limited partners of HERBALIFE INTERNATIONAL.