**Debra K. RYALS, Plaintiff,**

v.

**MARCO ISLAND PARTNERS, et al., Defendants.**

**No. 88 C 4389.**

United States District Court,
N.D. Illinois, E.D.

May 23, 1988.

Richard M. Goldstein, Goldstein & Tanen, P.A., Miami, Fla., for plaintiff.

Howard M. Hoffman, Robert K. Neiman, Holleb & Coff, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On May 19, 1988 this District Court received the court file in this action from the United States District Court for the Southern District of Florida (the "Florida Federal Court"), which had ordered the case transferred here under 28 U.S.C.

§ 1404(a).[1] On May 20 this Court, to whose calendar the case was assigned, obtained and reviewed the file in accordance with its uniform practice in dealing with newly-assigned cases.[2] For the reasons stated in this memorandum opinion and order, this action is remanded to the Circuit Court for the 20th Judicial Circuit of Collier County, Florida (the "Florida State Court") as having been "removed improvidently and without jurisdiction" (Section 1447(c)).

Two areas of background explanation are necessary to understand how the case got here and why it must be returned. One is purely procedural, while the other bears on jurisdiction. They will be treated in that order before the critical factors—those bearing on jurisdiction—are dealt with as a matter of law.

Debra Ryals ("Ryals") originally sued Marco Island Partners ("Partnership") and individuals Gavriel Mairone ("Mairone") and Bernard Sendlin ("Sendlin") in the Florida State Court late in 1987. On January 6, 1988 Partnership was served with process (nothing in the file transmitted to this District Court casts any light on the service of process on Mairone or Sendlin[3]). On January 27 Partnership—but not Mairone or Sendlin—filed a Petition for Removal (the "Petition"), transplanting the action to the Florida Federal Court.[4] Partnership simultaneously filed its Section 1404(a) motion for transfer to this District Court.

On February 8 Ryals filed a motion to remand the case to the Florida State Court, principally asserting that Partnership's Petition was defective in not having alleged the citizenship of all the relevant persons. That motion and the transfer motion were briefed, and on April 29 Judge William Hoeveler of the Florida Federal Court denied the motion to remand and granted the Section 1404(a) transfer motion. So much, then, for the procedural history.

As for jurisdictional considerations, the Petition relies on diversity of citizenship.[5] On that score, the situation as to the individual parties poses no difficulty:

1. Ryals is a Louisiana citizen (Petition ¶ 4).

2. Though the Petition is technically incomplete because of its silence on the subject, the affidavit later signed by Mairone and Sendlin and filed February 19 (together with Partnership's response to Ryals' remand motion) says each individual defendant is an Illinois citizen (M–S Aff. ¶ 2[6]).

But fatal complications are introduced by the relevant citizenship considerations as to Partnership:

1. Partnership itself is characterized as an Illinois limited partnership (M–S Aff. ¶ 3), but (as is universally understood) the relevant citizenship is that of its partners and not of the partnership itself (see 13B Wright, Miller & Cooper,

---

1. All further citations to provisions of Title 28 will simply take the form "Section—."

2. See *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986): The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

3. It would seem surprising if one or both individual defendants (who, as the further explanation reflects, are the principals in Partnership) were *not* served at the same time as Partnership—or at least by 21 days later, when the case was sought to be removed to the Federal District Court. But because the file is silent on that score, this opinion relies only on the unquestionable facts borne out by the record:

1. Neither individual joined in the removal.

2. No explanation of the nonjoinder has been given.

4. In addition to the Petition's having been filed solely by Partnership, the removal bond was signed only by Partnership, its lawyer and the surety. Nor can the omission of Mairone and Sendlin be excused either as an oversight or because they were somehow strangers to Partnership. Not only do Partnership's lawyers represent the individuals too (see n. 10), but in support of the Petition those counsel prepared—and Mairone and Sendlin individually signed—a supporting verification. It would have been the simplest thing in the world for the individual defendants to have joined in the Petition as well.

5. This being a substantial commercial dispute, the more–than–$10,000 amount–in–controversy requirement is satisfied many times over.

6. This is how this opinion will cite that joint affidavit.

*Federal Practice and Procedure: Jurisdiction 2d* § 3630, at 682–89 & n. 4).

2. According to M–S Aff. ¶ 3, Partnership's sole general partner is LaSalle International of Marco ("General Partner"), itself said to be a general partnership. Mysteriously, General Partner's "sole general partner" (*id.*) is said to be LaSalle International Ltd., an Illinois corporation with its principal place of business here in Chicago (*id.* ¶ 1).[7]

3. According to M–S Aff. ¶ 4, LaSalle International ("Subpartnership," another Illinois limited partnership) is the sole limited partner of Partnership (which, as already stated, is itself a limited partnership). That same affidavit paragraph identified Mairone and Sendlin as Subpartnership's general partners—but there is total silence as to the identity of citizenship of Subpartnership's *limited* partners.

This opinion turns, then, to the effect of those matters on the validity of the removal here.

### Substantive Defects in Removal

Although this action was brought in Florida and Ryals was represented by a Florida lawyer, that counsel perceptively called the attention of Partnership's counsel to the relevant Seventh Circuit authority that binds this Court on a critical issue here. Ryals' February 17 "Motion for Remand and Reply to Petition for Removal" cited *Elston Investment Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436, 439 (7th Cir.1984) for the proposition that *every* partner's citizenship must be alleged to establish diversity.

Indeed, *Elston Investment* is on all fours for purposes of this case, for it specifically announced the rule that diversity jurisdiction depends on allegations as to the citizenship of all the *limited* partners as well

as that of all the general partners. In this instance Partnership was and is represented by Chicago lawyers (admitted to the Florida Federal Court pro hac vice), members of a highly reputable firm here. They might surely have been reasonably expected to be aware of *Elston Investment* without having it brought to their attention by opposing Florida counsel. Nonetheless, even after that happened, they responded only by giving the already-described partial information contained in the Mairone–Sendlin Affidavit. That left a gap—a jurisdictional flaw—because of the total absence of any showing by defendants as to the citizenship (or even the identity) of Subpartnership's limited partners.

■ Because federal courts can deal with cases only as Congress specifies (see Section 1332(a) and (c)), a plaintiff who brings an action in federal court must provide express allegations bringing the case within those specifications (see, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 85 & n. 96, 87 & n. 99, and cases cited in both notes (1969 ed. and 1987 supp.); 13B *id.* § 3611, at 516–18 & nn. 27–29, § 3624, at 610 & n. 20, and cases cited in all those notes (1984 ed. and 1987 pocket part)). In a removal case it is the defendants who invoke federal jurisdiction, so they must bear that identical burden of providing, in their removal petition, any essential allegations that are absent from plaintiff's complaint.

■ To be sure, strict judicial enforcement of that requirement may be viewed as technical, but federal jurisdiction is by definition technical. It cannot be based on surmise or guesswork, rather than upon express allegations. Nor is this Court bound by the fact that Judge Hoeveler did not identify the gap referred to in this opinion[8]—for jurisdictional defects may (in-

---

7. Just how a general partnership such as General Partner can have only a single general partner is not explained by Partnership's filings. Though this Court is certainly prepared to be educated on that score, the very definition of "partnership" requires plural membership. As Uniform Partnership Act § 6(1) provides (Ill. Rev.Stat. ch. 106–½, ¶ 6(1)) (emphasis added):

> A partnership is an association of *two or more persons* to carry on as co-owners a business for profit.

8. In addition to citing *Elston Investment*, the memorandum filed by Ryals' counsel before Judge Hoeveler cited *Wofford v. Herbalife International, Inc.*, 643 F.Supp. 186 (S.D.Fla.1986). *Wofford* identified the existence of an intercir-

deed must) be raised whenever they are perceived.[9]

That then identifies the jurisdictional deficiency in the Petition as filed. But before the consequence of that deficiency is explored, another significant flaw in the Petition should be identified.

■ As already suggested, Partnership was also delinquent in acting alone in filing the Petition, without the joinder of Mairone and Sendlin. It is black-letter law that all defendants that have been served with process are required to join in a petition for removal (*Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272–73 (7th Cir.1982)). Accordingly every removal petition in a multi-defendant case, if fewer than all defendants seek removal, must explain the absence or omission of the other defendants (*id.*). No such explanation is contained in the Petition. With Mairone and Sendlin having executed the papers accompanying the Petition, there is neither any justification nor any apparent excuse for that.

Though *Northern Illinois Gas, id.* at 273 (citations omitted) makes plain that such nonjoinder is not technically jurisdictional and may be cured by appropriate amendment of a removal petition beyond the 30–day period allowed by Section 1446(b), it still mandates remand of the case absent a waiver of the 30–day requirement by plaintiff:

While the time limitation imposed by § 1446(b) is not jurisdictional, ... it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived.

Because Ryals resisted removal as vigorously as she did before the Florida Federal Court, it is a moral certainty that she would not grant such a waiver here.

To return to the jurisdictional flaw of the omitted diversity-of-citizenship allegations, it is true that Section 1653 allows the giving of some leeway for the curing of such defective jurisdictional allegations. This Court normally grants that kind of leeway where the omission is inadvertent and appears most likely to be curable—at least where no other complicating factors appear. In this instance, however, no reason appears to call for invocation of Section 1653. Partnership's counsel plainly represent Mairone and Sendlin as well,[10] and they were specifically alerted to one of the two problems identified in this opinion—the truly jurisdictional one. Yet counsel took no effort to cure the lack of proof of federal jurisdiction. Moreover, even if the jurisdictional flaw were both curable (a speculative assumption) *and* in fact cured, defendants still could not overcome the other obvious (albeit not strictly jurisdictional) flaw described in the preceding paragraph, which is certain not to be waived by Ryals.

That combination of factors clearly calls for remand. Whether under the authority of *Elston Investment* or *Northern Illinois Gas* or both, this action was "removed improvidently and without jurisdiction" (Sec-

---

cuit conflict as to whether citizenship of *limited* partners is material to the determination of diversity. Having done so, it then pointed out that the Court of Appeals that Florida district courts were bound to follow had not dealt with the issue, and it then concluded by expressing a preference for the rule adopted by *Elston Investment* (which in turn had followed *Carlsberg Resources Corp. v. Cambria Savings & Loan Association*, 554 F.2d 1254 (3d Cir.1977)). Hence Judge Hoeveler had the legal issue identified squarely enough by Ryals' motion. What may well have happened is that the complex structural maze that Partnership had created somehow obscured the fact that all subpartners (equally relevant to the question of diversity) had neither been identified nor their citizenship specified.

9. Indeed, our Court of Appeals has on occasion raised jurisdictional flaws sua sponte even *after* judgment, forcing the parties to go back to square one (see, e.g., *Ross v. Inter–Ocean Insurance Co.*, 693 F.2d 659, 663 (7th Cir.1982)).

10. This is not a matter of mere speculation. Partnership's principal asserted reason for the transfer to this District Court has been to permit the consolidation of this action with one pending before this Court's colleague Honorable Nicholas Bua (*Marco Island Partners, et al. v. Oak Development Corp., et al.*, 87 C 5626). Mairone and Sendlin are co-plaintiffs with Partnership in that action, and all are represented by the same Chicago counsel that were admitted pro hac vice in the Florida District Court and handled all aspects of the matter there.

tion 1447(c)) and is therefore remanded to the Florida State Court. And because the action has been pending for nearly four and one-half months without any activity except for the preliminary procedural skirmishes described in this opinion, further delay would serve no useful purpose. Accordingly the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith.