**Cloyd W. BARNES, Plaintiff,**

v.

**P.F.L. LIFE INSURANCE COMPANY, et al., Defendants.**

**No. 91 C 7484.**

United States District Court,
N.D. Illinois, E.D.

Dec. 23, 1991.

Memorandum Opinion and Order
Dec. 26, 1991.

Memorandum Opinion and Order
of Remand Dec. 31, 1991.

Eugene Daugherity, Myers, Daugherity, Berry & O'Connor, Ottawa, Ill., for plaintiff.

Louis Roberts and Daniel McMahon, Peterson & Ross, Chicago, Ill., for P.F.L.

T. Donald Henson, Herbolsheimer, Lannon, Henson, Duncan & Reagan, LaSalle, Ill., for Liesse.

**MEMORANDUM OPINION
AND ORDER**

SHADUR, District Judge.

This action has been reassigned to this Court's calendar from that of its colleague Honorable George Marovich. Based on this Court's preliminary review of the Complaint filed by Cloyd Barnes ("Barnes") and of the Notice of Removal ("Notice") filed by P.F.L. Life Insurance Company, f/k/a NN Investors Life Insurance Company ("P.F.L."),[1] this Court directs the litigants to address the issues identified in this sua sponte opinion.

Barnes initially sued not only P.F.L. but also Jerome Liesse and Liesse–Barnum Agency, Inc. (collectively "Liesse Defendants") in the Circuit Court of the Thirteenth Judicial Circuit, LaSalle County, Illi-

---

**1.** This Court always undertakes an immediate review of newly-filed complaints (or in removed cases, an immediate review of the complaints and removal papers); see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

nois. But thereafter only P.F.L. filed the operative removal document (the Notice), without offering any explanation in that document as to the absence of Liesse Defendants from the attempted removal of this action.[2]

It is conventional wisdom that *all* defendants must join in the removal of an action, failing which the absence of the nonjoining codefendant or codefendants must be explained (see, among the host of cases to that effect, *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272–73 (7th Cir.1982) and this Court's opinion in *Ryals v. Marco Island Partners*, 685 F.Supp. 683, 686 (N.D.Ill.1988)). Although the removal statutes have since been substantively amended (both in 1988 and again in 1990), nothing in the treatment of the subject of removal by the leading treatises since those amendments suggests that the rule stated in the preceding sentence has been changed (see 14 A Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3731 (2d ed. 1985, and 1991 pocket part); 1 A James Moore & Brett Ringle (and Jo Desha Lucas as to the 1990–91 cum. supp.) *Moore's Federal Practice* ¶ 0.168[3.–2–2] (2d ed. 1990, and 1990–91 cum. supp.)).

Accordingly counsel for the parties are hereby directed to file in this Court's chambers on or before December 30, 1991:

1. by Barnes' counsel, a statement as to whether or not Barnes will waive the nonjoinder of the Liesse Defendants in the Notice if this Court were to determine that their joinder is a precondition to a proper removal of this action; and

2. by P.F.L.'s counsel, a submission as to why (if they believe that such is the case) the fact of nonjoinder of Liesse Defendants in an otherwise timely removal does not render the notice of removal defective.

This Court will act on the matter promptly thereafter.

### MEMORANDUM OPINION AND ORDER II

On November 25, 1991 this action was reassigned to this Court's calendar from that of its colleague Honorable George Marovich. As chance would have it, that was the very date on which this Court left the country for a vacation, so that it was not until after December 19 that this Court learned of that reassignment and the resulting pendency of this action on its calendar. At that point this Court promptly issued its December 23, 1991 memorandum opinion and order (the "Opinion"), a copy of which is attached to this opinion.*

In terms of timing alone, it was a startling illustration of serendipity (a phenomenon that is encountered with surprising frequency in the office of a District Judge) that on the very next day (December 24) this Court received a document—which had been filed on December 23, the same date on which the Opinion was issued and transmitted to counsel—that was authored by the attorneys for Jerome Liesse and Liesse–Barnum Agency, Inc. (collectively termed, both in the Opinion and here, as "Liesse Defendants") and was captioned "Notice of Opposition to Removal of Cause and Motion to Remand Non–Removable Claims." As did this Court in the Opinion, Liesse Defendants there cited (by its F.2d volume and page reference, although not by name) the case of *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676

---

**2.** It does not appear from the Notice whether Liesse Defendants had been served with process before P.F.L. acted to remove the case. However, two facts disclosed by the documents now on file suggest a "yes" answer to that question:

1. Barnes filed his Complaint in the state court on October 18, 1991, and the Notice was not filed in this District Court until November 21. It would seem unlikely that service of process on the Liesse Defendants had *not* been perfected in that intervening time period.

**2.** That last point is of course purely speculative—a matter of probability. Perhaps more probative is the fact that the Notice recites that it was served not only on Barnes' lawyer but also upon T. Donald Henson, Esq. of the LaSalle law firm of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C.—who would seem most likely to be counsel for the Liesse Defendants.

\* Editor's Note: The "Opinion" appears in print along with this opinion, on the immediately preceding pages.

F.2d 270, 272–73 (7th Cir.1982) for the proposition that a removal by fewer than all the defendants in a case is defective unless the absence of the non-joining co-defendant or co-defendants has been appropriately explained in the removal documents. That current filing by Liesse Defendants has a twofold effect on the directives with which the Opinion concluded:

1. It has now become a moot issue whether plaintiff Cloyd Barnes ("Barnes") would or would not be prepared to "waive the nonjoinder of the Liesse Defendants in the Notice of this Court were to determine that their joinder is a precondition to a proper removal of this action ..." (Opinion at 1304). Because Liesse Defendants have in fact objected to the removal, it would be appropriate for this Court to remand the action to the state court—if a remand is otherwise found to be appropriate—whatever Barnes' position would be.

2. It is doubtful indeed whether anything that might now be offered by counsel for P.F.L. Life Insurance Company, f/k/a N.N. Investors Life Insurance Company can demonstrate that "the fact of nonjoinder of Liesse Defendants in a otherwise timely removal does not render the notice of removal defective." As the Opinion reflects, there is nothing to suggest that the principles set out in *Northern Illinois Gas* (and many like cases) have less force today than when those opinions were written. Nonetheless this Court will defer ruling on the matter pending receipt of a filing in chambers by P.F.L.'s counsel on or before December 30, as Opinion at 1304 had also invited.

### MEMORANDUM OPINION AND ORDER OF REMAND

This Court's December 23 and December 26 memorandum opinions and orders (respectively "Opinion I" and "Opinion II") are sufficiently recent, brief and self-explanatory that no repetition of their contents is called for here.[1] Suffice it to say

that Opinion I required an explanation to be filed by P.F.L. in this Court's chambers on or before December 30 if P.F.L. hoped to avoid the remand of this action to the state court, and Opinion II not only renewed that requirement but found that it had been reinforced by the filing that had been received in the interim from the codefendants collectively termed "Liesse Defendants."

P.F.L. has now filed a brief statement as to the claimed adequacy of its Notice of Removal. It urges this (Mem. 1–2):

This matter involves two separate controversies. The first controversy, contained in Counts I through III of the complaint, involves the issue of whether the Liesse defendants negligently secured inadequate insurance for the employer of Barnes. Counts I and II are directed to the Liesse defendants and Count III is directed against PFL under an agency theory.

The second controversy is whether PFL covers certain medical expenses which Barnes incurred. That controversy revolves around the effect of pre-existing condition language in the group policy and treatments Barnes received prior to the effective date of the policy. The Liesse defendants are not a party to this second controversy.

Having asserted the claimed separateness of Barnes' Count I and II claims against Liesse Defendants on the one hand and his Count IV claim against P.F.L. on the other, P.F.L. goes on to say (Mem. 2):

This result [the asserted propriety of a removal by P.F.L. alone] is consistent with Judge Posner's analysis in *Thomas v. Shelton*, 740 F.2d 478 (7th Cir.1984).

P.F.L. then relies on *Thomas* to say (Mem. 3):

Therefore, based upon *Thomas v. Shelton*, this matter was properly removed and the entire matter should proceed in this Court, or in the alternative, this Court should remand only Counts I through III and allow the parties to litigate the ERISA claim in this jurisdiction.

---

1. Indeed, this opinion will continue to employ the same defined terms that have been used in

both those opinions, without pausing to repeat the definitions set out there.

It is worth noting in passing that Judge Posner's extended discussion in *Thomas* about what he perceived as the doubtful utility (if any) of 28 U.S.C. § 1441(c)[2] in federal-question cases (740 F.2d at 482–84) has been overtaken by the 1990 amendment to that statute, which now reads:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

At this point the *only* purpose for which Section 1441(c) can be used at all is to remove a federal-question claim that "is joined with a separate and independent claim of a nonfederal nature" (14A Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3724, at 72 (1991 pocket part)).

More critically for present purposes, P.F.L. has made either an unintended (and hence Freudian) slip or an intended one in its argument that was first quoted in this opinion. It there labels Barnes' controversies with Liesse Defendants and P.F.L. as "separate"—but Section 1441(c) speaks of the joinder of "separate *and independent* claim[s] or cause[s] of action" (emphasis deliberately added).[3] If it were ever possible to conceptualize *dependent* rather than *independent* claims, they would be epitomized by those on which Barnes sues here:

1. Liesse Defendants would be liable to Barnes for their having shifted the insurance coverage from the previous insurer to P.F.L. *only* if Barnes *loses* his claim of insurance coverage against P.F.L. under its policy.

2. To put the same proposition in terms of the opposite hypothesis, if Barnes *wins* his coverage claim against P.F.L., he will have suffered no uncompensated damage and he would therefore have no claim whatever against Liesse Defendants.[4]

It has been clear for fully 40 years—since just three years after the 1948 amendments to the Judicial Code had inserted the then-new statutory concept of "separate and independent causes of action"—that "independent" was a deliberate and meaningful addition to prior law and that the amendment evidenced a deliberate congressional objective to restrict removal. Here is the language of the Supreme Court in its seminal decision in *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 10, 11–12, 71 S.Ct. 534, 538, 538–39, 95 L.Ed. 702 (1951) (footnotes omitted):

> The Congress, in the revision, carried out its purpose to abridge the right of removal.
>
> \*    \*    \*    \*    \*    \*
>
> A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. Compare *Barney v. Latham*, 103 U.S. 205, 212 [26 L.Ed. 514], with the revised § 1441. Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. Of course, "separate cause of action" restricts removal more than "separable controversy." In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word "indepen-

---

2. All further references to Title 28's provisions will simply take the form "Section—."

3. Even if P.F.L. were right in relying on the asserted "separateness" of Barnes' claims as the sole relevant criterion (and it is not), if its alternative suggestion of remanding all nonfederal claims (Counts I through III) were accepted by this Court, Barnes would find himself forced to litigate with P.F.L. in two different courts. That of course would make no sense at all.

4. Each of Barnes' claims (Counts III and IV against P.F.L. and Counts I and II against Liesse Defendants) asserts an ad damnum of $40,089.93—the amount of medical expenses that P.F.L. has refused to pay on the ground that Barnes had a pre-existing medical condition when P.F.L. issued its policy.

dent" gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to "separate and independent ... cause of action."

14A Wright, Miller & Cooper § 3724 (2d ed. 1985) devotes fully 57 pages to its discussion of the purpose and meaning of Section 1441(c) as it existed before the 1990 amendment. What the 1990 amendment did *not* do was to change the "separate and independent" requirement, so to that extent the discussion remains wholly relevant. This Court's reading of that discussion and of the reported cases—and of course of the statutory language itself—leaves it with the firm conviction that Section 1441(c) cannot be read as authorizing P.F.L.'s unilateral removal of this action, as it has sought to do. And certainly nothing in Section 1441(a) has changed the pre-existing requirement of removal by *all* defendants if that provision is sought to be invoked.

Thus for the reasons set out in Opinions I and II and in this opinion, this Court finds P.F.L.'s Notice of Removal was defective under the teaching of all the cases and authoritative treatises referred to in Opinion I. Although to be sure there is authority that characterizes such a defect as non-jurisdictional in the first instance, it is a fair reading of the authorities referred to in Opinion I that an *uncured* defect of that type—certainly where an opportunity to explain the matter has been given and where, as here, it has been shown that the flaw is noncurable—causes "it [to] appear[ ] that the district court lacks subject matter jurisdiction" (Section 1447(c)). This Court so holds.

Accordingly Section 1447(c) calls for this action to be remanded to the Circuit Court of the Thirteenth Judicial District, LaSalle County, Illinois, and this Court so orders. It is further ordered, as authorized by this District Court's General Rule 30(b), that the Clerk of Court mail the certified copy of the remand order forthwith—without the further optional delay that the same General Rule also permits.