Banco DEL ESTADO, Plaintiff,

v.

**NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, et al., Defendants.**

No. 95 C 5889.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 16, 1999.

William Denby Heinz, Jenner & Block, Chicago, IL, Donald F. Luck, Roger & Wells, New York City, Roger A. Clark, T. Douglas Hollowell, Washington, DC, for plaintiff.

Richard M. Franklin, Martin R. Castro, William Lynch Schaller, Ellenore Angelidis, Baker & McKenzie, Chicago, IL, for defendants.

## MEMORANDUM

SHADUR, Senior District Judge.

■ This Court's February 25, 1997 memorandum opinion and order (reported at 954 F.Supp. 1275) upheld as viable certain of the claims asserted by Banco del Estado ("Banco"), both in its own right and as assignee of Sidauto S.A., against Navistar International Transportation Corporation and Navistar International Export Corporation (collectively "Navistar"). Most recently, during the latest telephonic status hearing in this long-pending action (it is the second oldest case on this Court's calendar), this Court learned for the first time that Banco had been reimbursed by its insurers for the claims it asserts in this action. That news immediately set off alarm bells:

· 1. Even though Banco may perhaps still be empowered to bring this suit alone under the contractual arrangements between itself and its insurers (so that the insurers may perhaps not be necessary or indispensable parties to this action), the insurers' subrogation or partial subrogation rights render them real parties in interest (*State Sec. Ins. Co. v. Frank B. Hall & Co.*, 109 F.R.D. 99 (N.D.Ill.1986); 6A Charles Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure: Civil* 2d ("Wright & Miller") § 1546 (2d ed.1990)).

2. In this diversity action, that in turn makes the citizenship of the insurers as well as that of Banco relevant to the question of total diversity vel non *State Sec.;* 6A Charles Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure: Civil* 2d § 1556 (2d ed.1990).

■ This Court of course consistently adheres to the admonition that the existence or nonexistence of subject matter jurisdiction is a threshold consideration. As *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986) teaches:

. The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

But that judicial obligation is evergreen: If a court is alerted to a problem in that respect at any time (even post-judgment, see, e.g., *Ross v. Inter–Ocean Ins. Co.*, 693 F.2d 659 (7th Cir.1982)), it must explore the matter sua sponte. Hence this Court immediately directed the litigants to provide the relevant information.

Navistar's counsel have responded with a letter and attached exhibits showing that Banco's insurers have indeed paid (apparently in full) the claims on which Banco sues here. With Lloyd's of London as the reinsurer, that would potentially destroy diversity—a few years ago this Court held in *Certain Underwriters at Lloyd's, Lon-*

*don v. P.J.T., Inc.,* No. 96 C 3628, 1996 WL 351197 (June 21, 1996) and 1996 WL 377081 (June 27, 1996) that all Lloyd's "names" must be taken into account for diversity purposes, and our Court of Appeals has since confirmed that principle in *Indiana Gas Co. v. Home Ins. Co.,* 141 F.3d 314 (7th Cir.1998).

 That however is not the end of the matter. It is equally well established that the time for determining the existence or nonexistence of diversity is when the action began, so that subsequent events— including any changes in the identity of parties—will not divest the court of subject matter jurisdiction that existed at the outset (*Freeport–McMoRan Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428–29, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam)). In those terms, this action was brought on October 12, 1995—and while Ex. B to Navistar's current letter submission shows that the tenth and final payment to Banco by the Colombian insurance brokers was made on April 16, 1996 (nearly six months later), that Ex. B does not reflect the dates when the first nine payments (ranging from a low of about $20,000 to a high of over $800,000) were made on account. On that score, Navistar's Ex. A is a September 29, 1995 letter from Banco to the insurance broker (two weeks *before* suit was filed) agreeing to settle the loss for exactly the amount represented by the total payments that were made in varying installments through the April 16, 1996 date, while Ex. C is an October 20, 1995 letter from the insurance brokers to Banco (a week *after* suit was brought) confirming the rights of reimbursement and subrogation.

It is not clear then whether it may or may not be necessary to dismiss this action for lack of subject matter jurisdiction at its outset. Added information is needed to ascertain whether or not that is the case. Banco's counsel has instead sent a letter response expressing a preference for continuing the parties' recently commenced settlement discussions, rather than devot-

ing any time to the arcane issue addressed here. Unfortunately that alternative (despite its attractiveness as a practical matter) is at odds with this Court's unflagging obligation where jurisdiction is at issue. Hence this Court awaits appropriate further input from the parties, to be provided as expeditiously as possible.